FILED

2022 Aug-16  AM 11:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **LAZERRICK DEJUAN CRAIG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:21-cv-00255-RDP-NAD** |
| | ) | |
| **CHRISTOPHER A. MCLAURIN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

On February 19, 2021, Plaintiff LaZerrick Dejuan Craig filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at St. Clair Correctional Facility.  (Doc. 1).  The Magistrate Judge entered a Report and Recommendation on July 18, 2022, recommending that Defendants' motion for summary judgment (Doc. 23) be granted, and that Plaintiff's cross-motion for summary judgment (Doc. 25) be denied.  (Doc. 27). Craig filed timely objections to the Report and Recommendation.  (Doc. 28).

## DISCUSSION

Plaintiff's complaint alleges that Defendants Christopher A. McLaurin and Derrick M. Dent failed to protect him from an inmate assault (in violation of the Eighth Amendment), and that Defendants Russell A. Jones and Dent violated his right to procedural due process (in violation of the Fourteenth Amendment).  (Docs. 1 at 3, 14; 25 at 3).

The Magistrate Judge recommended that the court grant Defendants' summary judgment motion (Doc. 23) and deny Plaintiff's summary judgment motion (Doc. 25) because the court file does not present a triable issue.

In his objections, Plaintiff asserts only that the court should consider his cross-motion and rule in his favor because Defendants' pleadings demonstrate that they "are willing to give fast sworn affidavits to protect them from the consequences of the Plaintiff, Craig['s] complaint." (Doc. 28).  But as explained in the Report and Recommendation, even accepting all of Plaintiff's factual assertions as true, he has not alleged sufficient facts that support either a failure to protect or a due process claim.  (Doc. 27).

Specifically, as to his Eighth Amendment failure to protect claim, Plaintiff has not pointed to any facts that could support a finding that, prior to December 14, 2020, McLaurin and/or Dent had any reason to know that Plaintiff was in danger from Jenkins.  *See Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015) (requiring a defendant possess sufficient details about a threat to conclude that it presents a "strong likelihood" instead of a "mere possibility").

As to his Fourteenth Amendment Procedural Due Process claim against Jones, there is no prohibition under § 1983 against false accusation, nor a right to a truthful disciplinary report exists. *See Edwards v. Basilok*, 520 U.S. 641, 648 (1997) ("We conclude that [a prisoner's] claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker … is not cognizable under § 1983."); *O'Bryant v. Finch*, 637 F.3d 1207, 1215 (11th Cir. 2011) ("Whether an inmate actually committed the charged infraction or whether the disciplinary report falsely accuses the inmate are questions of fact that are decided by the disciplinary panel.").

And, in any event, the Due Process Clause does not, by itself, establish a "liberty interest in freedom from state action taken 'within the sentence imposed.'" *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (citation omitted); *see also Morrall v. Warden*, 859 F. App'x 883, 884 (11th Cir. 2021) (similar) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1290–91 (11th Cir. 1999)).

## CONCLUSION

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and Plaintiff's objections, the court **OVERRULES** Plaintiff's objections, and **ADOPTS** the Magistrate Judge's Report and **ACCEPTS** his Recommendation.  The court **EXPRESSLY FINDS** that there are no genuine issues of material fact and that Defendants are entitled to judgment in their favor as a matter of law.  Accordingly, the court shall **ORDER** that Defendants' motion for summary judgment (Doc. 23) be **GRANTED**, and that Plaintiff's motion for summary judgment (Doc. 25) be **DENIED**.

A Final Judgment will be entered.

**DONE** and **ORDERED** this August 16, 2022.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE